IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES )
) CR 9-188, 8-135
v. ) CV 18-544, 18-543
)
TAVIUS SMITH

**MEMORANDUM ORDER**

In these related actions, Defendant pleaded guilty to three Counts: felon in possession, conspiracy to distribute and possess with intent to distribute cocaine, and money laundering. On October 21, 2009, he was sentenced to a total term of 262 months of imprisonment. [1] On October 18, 2010, he filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which he amended following notice pursuant to United States v. Miller, 197 F. 3d 644 (3d Cir. 1999). The Motion was denied by Order dated June 5, 2013, based on a collateral attack waiver in Defendant's plea agreement. In the Order, the Court also addressed the substance of Defendant's challenge to his career offender designation. The Court of Appeals denied a certificate of appealability. Then, on June 17, 2016, Defendant filed a counseled Section 2255 Motion. At Defendant's request, the Motion was stayed pending the outcome of his application, to the Court of Appeals, for leave to file a second or successive Section 2255 petition. On March 20, 2017, Defendant filed a Notice of Voluntary Dismissal regarding the Section 2255 Motion.

Before the Court is Defendant's pro se Motion to Vacate, filed on April 30, 2018. At Docket No. 9-188, Defendant has also filed a Motion for Service of Summon for Hearing, a Motion for Summary Judgment, and at both dockets, he has filed a Motion for a Pretrial

---

[1] Judge Diamond presided over this proceeding until February 22, 2017, when it was transferred to my docket. The actions at Docket Nos. 9-188 and 8-135 proceeded in tandem, and similar actions were taken on both dockets. Thus, for purposes of convenience, they are referred to collectively herein.

1

Conference. The Government has filed a Motion to Dismiss that of Defendant, on grounds that it is an impermissible second or successive petition. For the following reasons, Defendant's Motions will be denied, the Government's granted, and no certificate of appealability shall issue.

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

A "second or successive [Section 2255] motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255(h). Without the appropriate certification, the District Court lacks jurisdiction to consider a second or successive petition. Kunz v. AG of N.J., No. 16-8817, 2017 U.S. Dist. LEXIS 793, at *5 (D.N.J. Jan. 4, 2017). Defendant has previously sought Section 2255 relief in this Court, and has not received leave to file the present Motion. The Government's Motion to Dismiss is granted, without prejudice to Defendant to reassert his claims should he receive appropriate certification. Given this disposition, Defendant's remaining Motions are denied. Further, no certificate of

appealability shall issue pursuant to 28 U.S.C. 2253, as Defendant has failed to make a substantial showing of the denial of a constitutional right.

AND NOW, this 16th of August, 2018, IT IS SO ORDERED.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court