IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>TAVIUS SMITH,<br><br>Defendant. | )<br>)<br>)<br>) **CRIMINAL NOS. 8-135 & 9-188**<br>)<br>)<br>)<br>)<br>) |

AMBROSE, United States Senior District Judge

## MEMORANDUM ORDER OF COURT

Tavius Smith ("Smith"), acting pro se,[1] has filed a Second Motion for Release / Reduced Sentence Pursuant to CARES and / or First Step Act. (ECF 137 and Docket No. 8-135 and ECF 69 at Docket No. 9-188) He seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. 3582(c)(1)(A)(i). Smith repeats his contention that his medical conditions render him particularly susceptible to the COVID-19 virus while incarcerated. Previously alleging that he suffered from diabetes, which was not documented in any medical records, he now asserts that he suffers from sleep apnea and mild asthma. Again, Smith has not submitted any medical records documenting his assertions in this regard.[2] Probation and Pretrial Services has assured the Court that Smith was reported as being in good physical health (other than for foot pain associated with a sports injury) prior to sentencing. For these reasons, I find that he has not met his burden of demonstrating extraordinary and compelling reasons warranting relief.[3]

---

[1] The Federal Public Defenders Office declined to supplement the Defendant's Motion.

[2] Smith's medical records do reference a "childhood history" of asthma but those records include a notation that the asthma was "resolved." ECF 135, p. 32. There is no indication that he has ever taken any medication for asthma or sleep apnea.

[3] Smith seems to argue, in the alternative, that the length of his sentence coupled with his youthful age at the time of sentencing gives rise to "extraordinary and compelling circumstances" regardless of medical condition. There is some support for this. In *United States v. Maumau*, Crim. No. 08-758, 2020 WL 806121 (D. Utah Feb. 18, 2020), for instance, a defendant who was sentenced to 57 years in prison,

Additionally, even if he had established that his medical condition rendered him particularly susceptible to COVID-19 while incarcerated, I reaffirm my earlier finding that Smith remains a danger to the community and that the factors identified in 18 U.S.C. § 3553(a) mandate a denial of the Motion. The underlying criminal conduct is serious. Smith was part of a large-scale drug distribution conspiracy. He also admitted to possessing three firearms as a convicted felon. Further, as evidenced by the Presentence Report, Smith's criminal history is extensive and demonstrates that Smith continued to engage in criminal activity while on bond or on supervision. Additionally, he faced a much greater sentence given his criminal history category and has more than 6 years left to serve. The remaining amount of time on the Smith's sentence is not insignificant and such a reduction in sentence would not reflect the nature and seriousness of the crime.

THEREFORE, this 8th day of February, 2021, it is ordered that Defendant's Motion for A Reduction in Sentence (ECF 137 at Docket No. 8-135 and ECF 69 at Docket No. 9-188) is DENIED.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose
United States Senior District Judge

---

sought relief under 18 U.S.C. 3582(c)(1)(A)(i). The court concluded that it had the discretion to interpret the meaning of what constituted "extraordinary and compelling reasons" warranting a reduction. The court found that "Maumau's young age at the time of the sentence, the incredible length of the mandatory sentence imposed, and the fact that, if sentenced today, he would not be subject to such a long term of imprisonment – establish an extraordinary and compelling reason" to reduce the sentence. *Maumau*, 2020 WL 806121, at *7. *See also, United States v. Haynes*, 456 F. Supp. 3d 496, (E.D. N.Y. 2020) (finding excessive sentence based upon stacking of sentencings under later amended 924(c) constituted "extraordinary and compelling" circumstances for purposes of release). I need not decide whether such circumstances constitute extraordinary and compelling circumstances because I do not find the *Maumau* or *Haynes* decisions to be analogous. Smith's sentence did not result from "stacking." He entered guilty pleas to charges of money laundering, conspiracy to possess and distribute cocaine, and possession of a firearm by a convicted felon. He has not presented a compelling argument that the sentences then imposed have been modified by Congress but not retroactively applied. As such, and in light of the fact that Judge Diamond sentenced him at the lowest end of the guideline range, I do not find that extraordinary and compelling reasons exist to warrant a reduction in sentence.